UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PENSION BENEFIT GUARANTY CORPORATION,<br><br>                                    Plaintiff,<br><br>v.<br><br>JIM NEMLOWILL HAY CONTRACTING, INC.,<br><br>                                    Defendant. | Case No.: 23-CV-334 JLS (MSB)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR APPROVAL OF ALTERNATIVE SERVICE**<br><br>(ECF No. 3) |

Presently before the Court is Plaintiff Pension Benefit Guaranty Corporation's ("Plaintiff" or "PBGC") Motion for Approval of Alternative Service ("Mot.," ECF No. 3). Plaintiff requests leave to make alternative service on Defendant Jim Nemlowill Hay Contracting, Inc. through the California Secretary of State.  Mot. at 1.

Pursuant to Federal Rule of Civil Procedure 4(h) a domestic corporation may be served "in the manner prescribed by Rule 4(e)(1) for serving an individual."  Federal Rule of Civil Procedure 4(e)(1), in turn, provides that an individual may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the

state where the district court is located or where service is made." In other words, "[u]nder Rule 4(e)(1), service is proper if it complies with California law." *Austin v. Lyft, Inc.*, No. 21-CV-09345-JCS, 2021 WL 6617452, at *1 (N.D. Cal. Dec. 13, 2021). California Corporations Code § 1702(a) states:

> If an agent for the purpose of service of process has resigned and has not been replaced or if the agent designated cannot with reasonable diligence be found at the address designated for personally delivering the process . . . and it is shown by affidavit to the satisfaction of the court that process against a domestic corporation cannot be served with reasonable diligence upon the designated agent [pursuant to California Code of Civil Procedure §§ 415.10, 415.20(a), 415.30(a), 416.10(a), 416.10(b), 416.10(c), or 416.20(a)], the court may make an order that the service be made upon the corporation by delivering by hand to the Secretary of State, or to any person employed in the Secretary of State's office in the capacity of assistant or deputy, one copy of the process for each defendant to be served, together with a copy of the order authorizing such service.

Cal. Corp. Code § 1702(a).

Here, Plaintiff has submitted the Declaration of Desiree M. Amador, an attorney employed in the Office of General Counsel of PBGC. ECF No. 3-1. Ms. Amador avers that on July 29, 2013, the Defendant "sold substantially all of its assets, ceased all operations, and terminated its employees." *Id.* at 2. Moreover, Defendant's sole owner is deceased, and its registered agent no longer represents Defendant, according to Ms. Amador. ECF No. 3-1 at 2. Consequently, Plaintiff claims that it is "unable to complete personal service of process" upon Defendant pursuant to California Code of Civil Procedure §§ 415.10, 415.20(a), 415.30(a), 416.10(a), 416.10(b), 416.10(c), or 416.20(a). *See* Mot. at 3.

The Court is satisfied that "process against [Defendant] cannot be served with reasonable diligence upon the designated agent" pursuant to the abovementioned provisions of the California Code of Civil Procedure. *See* Cal. Corp. Code § 1702(a). Accordingly, the Court **GRANTS** Plaintiff's Motion and **ORDERS** that service be made

upon Defendant through the California Secretary of State in accordance with California Corporations Code § 1702(a).

**IT IS SO ORDERED.**

Dated:  March 7, 2023

Hon. Janis L. Sammartino
United States District Judge

23-CV-334 JLS (MSB)